UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND,                     Case No. 13-11695

            Plaintiff,                   Avern Cohn
v.                                         United States District Judge

CITY OF ST. LOUIS, et al.,                 Michael Hluchaniuk
                                           United States Magistrate Judge

            Defendants.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANTS' MOTIONS TO DISMISS (Dkt. 22, 36, 40)**

## I.    PROCEDURAL HISTORY

Plaintiff, an inmate currently incarcerated by the Michigan Department of

Corrections at the Cotton Correctional Facility in Jackson, Michigan, brings this

action under 42 U.S.C. § 1983 against numerous defendants, alleging that the

defendants violated his constitutional rights in supplying him with contaminated

drinking water while he was incarcerated at the St. Louis Correctional Facility in

St. Louis, Michigan.  (Dkt. 1).  On March 24, 2014, this matter was referred to the

undersigned for all pretrial purposes.  (Dkt. 57).  Defendants LePetomane II, Inc.,

LePetomane III, Inc. and NWI-1, Inc. (the "LePetomane Defendants") filed a

motion to dismiss on December 13, 2013 (Dkt. 22), plaintiff filed a response to

that motion on February 4, 2014 (Dkt. 44), and the LePetomane Defendants filed a

reply brief in support of their motion on March 3, 2014. (Dkt. 49). Defendant Velsicol Chemical ("Velsicol") filed a motion to dismiss on January 13, 2014 (Dkt. 36), plaintiff filed a response to that motion on March 7, 2014 (Dkt. 51, 55), and Velsicol filed a reply in support of its motion on March 21, 2014. (Dkt. 56). Defendant City of St. Louis filed a motion to dismiss on February 3, 2014 (Dkt. 40, 41), and plaintiff filed a response to that motion on April 10, 2014. (Dkt. 59). These matters are now ready for report and recommendation.

For the reasons below, the undersigned **RECOMMENDS** that defendants' motions to dismiss (Dkt. 22, 36, 40) be **GRANTED** and that plaintiff's claims against all defendants pursuant to 42 U.S.C. § 1983 be **DISMISSED with prejudice** and that plaintiff's state law claims be **DISMISSED without prejudice**.

## II.   FACTUAL BACKGROUND

In his verified complaint, plaintiff alleges that he was transferred to the St. Louis Correctional Facility in January 2009. (Dkt. 1, ¶ 21). He further alleges that "p-CBSA and other harmful chemicals" from certain contaminated sites previously operated by Defendant Velsicol Chemical Corporation ("Velsicol") have contaminated the City of St. Louis municipal water supply, and that, as a result of drinking or otherwise using the allegedly contaminated water, he has experienced "burning sensations" and unspecified "stomach ailments." (*Id.*, ¶ 7). Plaintiff was

transferred away from the St. Louis Correctional Facility to the Kinross

Correctional Facility in May 2010 (*id.*, ¶ 28), and is currently incarcerated at the

Cotton Correctional Facility in Jackson, Michigan. (Dkt. 53).

Plaintiff avers that "[t]his action arises and is brought pursuant to 42 U.S.C.

§ 1983 to remedy the deprivation, under the color of State law, of rights

guaranteed by the Fourth, Eighth & Fourteenth Amendments to the United States

Constitution." (Dkt. 1, ¶ 7). Plaintiff also asserts a state law claim for violation of

the Michigan Natural Resources and Environmental Protection Act (NREPA),

MCL § 324.101, *et seq.*, alleging that defendants are jointly and severally liable

because each owned and operated one or more of the contaminated sites at the

time of the disposal of hazardous wastes. (Dkt. 1, ¶¶ 26-27). Plaintiff also asserts

a state law claim of trespass against all defendants for failure "to properly handle,

control, contain, dispose of p-CBSA, which has entered Plaintiff's body without

authorization." (*Id.* ¶ 28). Finally, plaintiff also alleges a state law claim of

negligence, claiming that all defendants "had a duty to Plaintiff to use care in the

storing, containment, handling and disposal of p-CBSA and other harmful

chemicals, and breached that duty . . . by injecting, burying, disposing of and

failing to contain p-CBSA and other harmful chemicals." (*Id.* ¶ 29). Plaintiff

seeks damages and declaratory and injunctive relief. (Dkt. 1).

## III.   ANALYSIS AND CONCLUSION

### A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)).  And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ("The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.") (emphasis in

4

original).

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496, 502 n.6 (6th Cir. 2008) (citations and internal quotation marks omitted).  The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2).  Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (the Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56.  However,

"[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  "[I]n general, a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned."  *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

**B.    Plaintiff's § 1983 Claims Against the LePetomane Defendants and Velsicol Should be Dismissed Because Those Defendants are not State Actors**

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 for violation of his rights under the Fourth, Eighth and Fourteenth Amendments. (Dkt. 1, ¶ 10).  Even liberally construed, plaintiff's complaint fails to state a claim against the LePetomane Defendants and Velsicol under § 1983 for violation of his constitutional rights.

6

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Thus, a party may sue under 42 U.S.C. § 1983 for deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States, but to state a plausible claim under § 1983, the plaintiff must allege that the defendant acted under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.*

As recognized in plaintiff's complaint, and as explained in defendants' motions to dismiss, the LePetomane Defendants and Velsicol are private companies. Velsicol owned and operated a plant in St. Louis Michigan where it manufactured the pesticide know colloquially as DDT. As a result of a CERCLA and RCRA action against Velsicol, a Consent Judgment was entered under which Velsicol agreed to undertake a plan to remediate a site it formerly owned and

7

operated.  Title to the facility was subsequently transferred to NWI Land

Management, and Velsicol continued to manage the remediation activity until

1999, when Velsicol, NWI Land Management, and other affiliated entities filed a

Chapter 11 proceeding in the Delaware Bankruptcy Court.  The parties entered

into a Bankruptcy Settlement Agreement, under which NWI-1 became the

reorganized successor of Fruit of the Loom (FTL) (Velsicol was a subsidiary of

FTL).  The Bankruptcy Settlement Agreement also provided for the creation of

two trusts: the Custodial Trust for the purpose of taking title to certain properties

that were previously owned by certain affiliates of FTL, and the Successor Trust

for the purpose of funding remediation of environmental conditions at the

properties.  LePetomane II, Inc. is the Trustee of the Successor Liquidation Trust

and LePetomane III, Inc.  is the Trustee of the FTL Custodial Trust.  (Dkt. 1, ¶¶ 6,

17,19; Dkt. 22, Pg ID 135, 139-44; Dkt. 36, Pg ID 716).

Accordingly, the LePetomane Defendants and Velsicol are private parties

and there is no basis for inferring that their conduct could be attributed to the state.

*See Perry v. Velsico Chemical Corp.*, 2013 WL 2393751, at *2 (E.D. Mich. May

31, 2013) (dismissing plaintiff's § 1983 complaint against Velsicol Chemical

Corporation, Northwest Industries, Inc., LePetomane II, Inc., LePetomane III, Inc.,

and Edgewood Farms, Inc., because "the named defendants are private parties and

not state actors subject to suit under § 1983"). Therefore, Velsicol and the

8

LePetomane Defendants are not state actors and plaintiff's § 1983 claims against those defendants should be dismissed.[1]

## C.   Plaintiff's § 1983 Claims Against Defendant the City of St. Louis Should be Dismissed

### 1.   Plaintiff's claims are barred by *res judicata*

Defendant City of St. Louis argues that plaintiff's claims against it are barred by *res judicata* based on this Court's September 2011 judgment in a prior action brought by plaintiff against the City of St. Louis, in *Ragland v. City of St. Louis*, 10-13484.  In that action, plaintiff asserted a 42 U.S.C. § 1983 action against the City of St. Louis and other defendants, alleging that the City of St. Louis violated the Eighth Amendment by supplying unsafe drinking water to the prison.  (Dkt. 41-2).  The Court granted the City of St. Louis's motion to dismiss, finding that plaintiff cannot state a claim against the City of St. Louis for violation

---

[1] The LePetomane Defendants also argue that plaintiff's claims against them should be dismissed because plaintiff failed to obtain permission to sue defendants as required by the *Barton* doctrine, as set forth in *Barton v. Barbour*, 104 U.S. 126 (1881).  *See Lowenbraun v. Canary*, 453 F.3d 314, 321 (6th Cir. 2006) ("It is well-settled that leave of the [bankruptcy] forum must be obtained by any party wishing to institute an action in a [non-bankruptcy] forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.") (quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1230 (6th Cir. 1993)).  As the *Barton* court explained, if leave of the appointing court is not obtained, then the other forum lacks subject matter jurisdiction over the suit.  *Barton*, 104 U.S. at 127.  The LePetomane Defendants further explain that the Delaware Bankruptcy Court retained exclusive jurisdiction over the resolution of any disputes arising out of the Bankruptcy Settlement Agreement, and accordingly plaintiff is required to bring his claims against NWI-1 in the Delaware Bankruptcy Court or get permission of that court to bring it elsewhere.  Plaintiff fails to adequately respond to or rebut this argument, and the undersigned concludes that the LePetomane Defendants' motion to dismiss should be granted on this ground as well.

of the Eighth Amendment. (Dkt. 41-2,3,4); *Ragland v. City of St. Louis*, 2011 WL 3880487 (E.D. Mich. Aug. 5, 2011), *adopted by*, 2011 WL 3880420 (E.D. Mich. Sept. 1, 2011)

Under federal law, *res judicata* applies when the following four elements are met: (1) a final decision on the merits of the earlier action; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent actions which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *Coleman v. Martin*, 363 F. Supp.2d 894, 901 (E.D. Mich. 2005) (citing *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1165 (1st Cir. 1991)). "Federal res judicata bars not only matters that were litigated in the first proceeding, but also issues that could have been litigated." *Coleman*, 363 F. Supp.2d at 901 (citing *Kale*, 924 F.2d at 1164; *Interstate Pipe Maintenance, Inc. v. FMC Corp.*, 775 F.2d 1495, 1497 (11th Cir. 1985); *Johnson v. United States*, 576 F.2d 606, 611 (5th Cir. 1978)). When *res judicata* applies, a complaint is properly dismissed under Rule 12(b)(6). *See ABS Indus. v. Fifth Third Bank*, 333 Fed. Appx. 994, 1002 (6th Cir. 2009); *Hanger Prosthetics & Orthotics E., Inc. v. Henson*, 299 Fed. Appx. 547, 556 (6th Cir. 2008).

Having reviewed plaintiff's current complaint and the prior 2010 complaint filed by plaintiff in this Court, the undersigned is convinced that each of the

10

elements of federal *res judicata* have been met and plaintiff's claims against the City of St. Louis are barred by *res judicata*.  First, the September 2011 Judgment in the earlier action was a final decision on the merits.  *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986) (dismissal for failure to state a claim is a decision on the merits).  The second element is easily met, as both actions involve the same parties.  Third, plaintiff's claims in this action relating to plaintiff's exposure to allegedly contaminated drinking water while incarcerated at the St. Louis Correctional Facility were or could have been litigated in the prior action against the City of St. Louis "for the unsafe drinking water in this city." (Compare Dkt. 1 with Dkt. 41-2).  Plaintiff only argues that there is not an identity of causes of action, the fourth and final element of *res judicata*, in that plaintiff alleged violation of his Eighth Amendment rights in the 2010 action, but alleges violations of his Fourth and Fourteenth Amendment rights in addition to his Eighth Amendments rights in the instant action.  The final element of *res judicata* is satisfied "if the claims arose out of the same transaction or series of transactions or [if] the claims arose out of the same core of operative facts."  *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002) (internal quotations marks omitted); *Sanders Confectionary Products, Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) ("Identity of causes of action means an identity of the facts creating the right of action and of the evidence necessary to sustain each action.").  Here, the

facts of both cases concern plaintiff's exposure to allegedly unsafe water supplied to the St. Louis Correctional Facility by the City of St. Louis.  There is no question that in plaintiff's prior case, the core operative facts were that the City of St. Louis supplied allegedly unsafe drinking water to the prison.  The instant case involves the same set of operative facts, and the same evidence would be necessary in both actions.  Accordingly, the undersigned concludes that plaintiff's claims against defendant City of St. Louis are barred by *res judicata*.  *See Browning*, 283 F.3d 773-74; *Coleman*, 363 F. Supp.2d at 902 (barring plaintiff's Equal Protection claim, even though it was not raised in the first litigation, because it could have been litigated).

### 2.    Plaintiff fails to state a claim under § 1983

Even if plaintiff's claims against City of St. Louis were not barred by *res judicata*, the undersigned nevertheless concludes that plaintiff's complaint fails to state a cause of action against that defendant under 42 U.S.C. § 1983.  In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities can be sued directly under § 1983 where the action of the municipality itself can be said to have caused the harm, as when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officer."  *Id.* at 690.  To properly allege a municipal liability claim, a

plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). To assert a § 1983 claim on the basis of a municipal custom or policy, plaintiff must "identify the policy, connect the policy to the [City of St. Louis] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1994). Plaintiff must show "a direct causal link" between the policy and the alleged constitutional violation such that the City of St. Louis's "deliberate conduct" can be deemed the "moving force" behind the violation. *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001).

Defendant City of St. Louis argues that plaintiff has failed to allege or identify a specific unconstitutional policy or custom of the City of St. Louis that has caused him injury. Plaintiff contends in his motion that the City of St. Louis had a policy or custom of providing unsafe water to the City residents including the Correctional facility because it knew the water was contaminated but failed to correct the water systems. Here, the undersigned is satisfied that plaintiff has

13

failed to point to any particular written policy, custom or procedure that the City of St. Louis has that could have caused injury to plaintiff.  Plaintiff asserts a conclusory allegation in his response brief, but not his complaint, that the City has a custom or policy of providing unsafe water.  Plaintiff has not, however, alleged facts showing a deprivation of constitutional rights resulting from an official policy or custom of the City.  "[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds*, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Rivera v. Bloomberg*, 2012 WL 3655830, at *12 (S.D.N.Y. Aug. 27, 2012) ("Here, Plaintiffs have not pled facts demonstrating that there is an official policy authorizing, sanctioning, encouraging, or promoting the alleged unconstitutional conditions.  Plaintiffs' broad allegation that DOC has not addressed alleged problems with the water plant and sewage system at Rikers Island is not sufficient.").  Accordingly, the undersigned concludes that plaintiff has not alleged facts stating a claim against the City of St. Louis pursuant to § 1983, and that plaintiff's § 1983 claims against the City of St. Louis should be dismissed for this reason as well.

14

**D.    Plaintiff's State Law Claims Against All Defendants Should be Dismissed**

Plaintiff asks the court to exercise jurisdiction over his state law claims of negligence, trespass and violation of the NREPA.  "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right."  *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003).  Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.").  There is no reason in this case to depart from that general rule, and the undersigned suggests that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims and that these claims should be dismissed without prejudice.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions to dismiss (Dkt. 22, 26, 40) be **GRANTED** and that plaintiff's claims against all defendants pursuant to 42 U.S.C. § 1983 be

**DISMISSED with prejudice** and that plaintiff's state law claims be **DISMISSED without prejudice**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

16

No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: August 11, 2014                    s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 11, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>John J. Gillooly, Jeremy C. Kennedy, Rebecca L. Takacs, Irina Kashcheyeva,</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Kevin Ragland, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201</u>.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov