UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DARNELL RAGLAND,

    Plaintiff,

v.                                                                                                  Case No. 13-11695

CITY OF ST. LOUIS, VELSICOL CHEMICAL                              HON. AVERN COHN
CORPORATION, NW-1, INC., LEPETOMANE
II, INC., LEPETOMANE III, INC., and EDGEWOOD
FARMS, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 62)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 60)**
**AND**
**GRANTING DEFENDANTS' DISPOSITIVE MOTIONS (Docs. 22, 36, and 40)**
**AND**
**DISMISSING UNSERVED DEFENDANT WITHOUT PREJUDICE**
**AND**
**CLOSING CASE**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff claims that defendants, the City of St. Louis, VELSICOL Chemical Corporation (Velsicol), NW-1, Inc., LePetomane II, Inc., LePetomane III,[1] Inc. and Edgewood Farms, Inc.[2] have

---

[1] NW-1, Inc., LePetomane II, Inc., LePetomane III, Inc. are collectively referred to as "the LePetomane Defendants."

[2] To date, Edgewood Farms, Inc. has not been served or otherwise appeared in th case.

violated his constitutional rights.  The complaint stems from plaintiff's incarceration at the St. Louis Correctional Facility where he alleges that he was exposed to harmful chemicals from certain sites which contaminated the drinking water in St. Louis. Plaintiff asserts a claim under § 1983 as well as state law claims for negligence, trespass and for a violation of the Michigan Natural Resources and Environmental Protection Act, M.C.L. § 324.101, et seq.

The matter was referred to a magistrate judge for all pretrial proceedings.  (Doc. 57).  Thereafter, defendants filed three dispositive motions, seeking dismissal of plaintiff's claims, as follows:

1. The LePetomane Defendants' Motion to Dismiss (Doc. 22)

2. Velsicol's Motion to Dismiss (Doc. 36)

3. City of St. Louis's Motion to Dismiss (Doc. 40)

The magistrate judge issued a report and recommendation (MJRR), recommending that the three motions be granted and plaintiff's § 1983 claim against defendants be dismissed with prejudice.  The magistrate judge also recommends that plaintiff's state law claims be dismissed without prejudice.

Before the Court are plaintiff's objections to the MJRR.  (Doc. 62), to which Velsicol and the LePetomane's Defendants have filed responses (Docs. 63, 64)  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, defendants' motions will be granted, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).

The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

Moreover, the failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985).

III.

A.

Plaintiff objects to the magistrate judge's recommendation that his § 1983 claims against Velsicol and the LePetomane Defendants be dismissed because they are not state actors. Plaintiff says that by entering into a settlement agreement with the City of

St. Louis, Velsicol and the LePetomane Defendants became state actors.  Plaintiff is mistaken.  As the magistrate judge carefully explained, neither Velsicol nor the LePetomane Defendants, which are private companies, are state actors or engaged in a state function.  Moreover, in Velsicol and the LePetomane Defendants responses to plaintiff's objections, they further explain why they are not state actors under the circumstances.  The settlement agreement did not delegate any tasks relating to the City of St. Louis' water supply to them; rather, it simply made arrangements for covering the cost of replacing the city's water system.

Plaintiff also objects to the magistrate judge's recommendation that his claims against the City of St. Louis be dismissed on the grounds of res judicata.  Plaintiff says that the doctrine should not apply because at the time of his earlier filed lawsuit against the City of St. Louis, case no. 10-13484, the settlement agreement had not been entered.  Plaintiff therefore says that the settlement agreement is "vital information" that was not disclosed until after his earlier case was dismissed.

Plaintiff's argument misses the mark.  The existence of the settlement agreement has no bearing on whether res judicata bars this case.  As noted in the MJRR, plaintiff's earlier case was virtually identical to this case.  In the earlier case, plaintiff sought relief against the City of St. Louis for allegedly contaminated drinking water.  The Court, upon recommendation of a magistrate judge, found that plaintiff failed to state a claim against the City of St. Louis.  All of the requirements for res judicata to apply are met.

Moreover, as the magistrate judge explained, even if this case was not barred by plaintiff's earlier case, he has not stated a viable § 1983 claim against the City of St.

Louis because he has not alleged that the city had an unconstitutional policy or custom of providing unsafe drinking water.

Overall, plaintiff has not stated a viable claim under § 1983 against any of the moving defendants.

B.

No party objects to the magistrate judge's recommendation that his state law claims be dismissed without prejudice. As such, plaintiff's state law claims will be dismissed without prejudice.

C.

There is another matter that was not addressed by the magistrate judge that requires attention. Edgewood Farms, Inc. has not been served. "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." Reed-Bey v. Pramstaller, No. 06-10934, 2007 WL 2421422, *2 (E.D. Mich. Aug.23, 2007), citing Feliciano v. DuBois, 846 F. Supp. 1033, 1048 (D. Mass. 1994). Under Fed. R. Civ. P. 4(m), a defendant must be served within 120 days of filing the complaint. Here, Edgewood Farms., Inc. has not been served and this case has been pending since April 2013 without any inquiry from plaintiff as to whether this defendant had been served. Under these circumstances, Edgewood Farms, Inc. will be dismissed without prejudice. See Mackall v. Doe, No. 05-60083-AA, 2005 WL 1843449, *1 (E.D. Mich. July 29, 2005), citing Awdish v. Pappas, 159 F. Supp. 2d 672, 673, n. 1 (E.D. Mich.2001), and Johnson v. City of Ecorse, 137 F. Supp. 2d 886, 892 (E.D. Mich.2001).

IV.

Accordingly, for the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motions are GRANTED. Plaintiff's § 1983 claim against the moving defendants is DISMISSED WITH PREJUDICE. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE. Edgewood Farms, Inc. is DISMISSED WITHOUT PREJUDICE. This case is CLOSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2014
      Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 25, 2014, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160